IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| **RICHARD PETERS, III** | § | |
| VS. | § | CIVIL ACTION NO. 4:13CV566 |
| | | Criminal Case No. 4:10CR85(1) |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Movant Richard Peters, III filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the Court for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

On April 15, 2010, a grand jury sitting for the Eastern District of Texas, Sherman Division, returned a two-count indictment, charging Peters with one count of attempting to evade income tax, in violation of 26 U.S.C. § 7201, and one count of Bankruptcy Fraud, in violation of 18 U.S.C. § 157.[1] The indictment alleged substantially that, "[i]n order to conceal his income for calendar years 2001 through 2004, Peters received a substantial portion of his income in the form of checks that were made payable to a party other than himself;" that Peters filed false income tax returns for the years 2001-2004, wherein he intentionally understated his taxable income; and that Peters substantially understated his income for calendar year 2001 and the expired portion of

---

[1] *See* Public docket sheets, case number 4:10CR85(1). Citations to the change of plea hearing are referred to by "PH Tr." Citations to sentencing hearing are referred to by "SH Tr."

1

2002, and provided fraudulent tax returns for those years to the United States Bankruptcy Court for the Eastern District of Texas. Indictment at 1-3.[2]

On July 19, 2011, Peters enter a plea of guilty to Count One of the indictment pursuant to a written plea agreement. Count Two was dismissed upon a motion form the Government. The plea agreement signed by Peters contained the following waiver of appeal:

> Except as otherwise provided herein, the defendant expressly waives the right to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in this case on all grounds. The defendant further agrees not contest the conviction, sentence, fine and/or order of restitution or forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver or the plea itself.

Plea Agreement ¶ 12.[3]

In the plea agreement, Peters also waived the right (1) to plead not guilty, (2) to be tried by a jury, (3) to have his guilt proved beyond a reasonable doubt, (4) to confront and cross-examine witnesses, (5) to call witnesses in his defense, and (6) not to be compelled to testify against him. Plea Agreement ¶ 1. Peters stipulated that he understood the nature and elements of the charge. Plea Agreement ¶ 2. The plea agreement advised Peters that the statutory maximum sentence was not more than five years' imprisonment. Plea Agreement ¶ 3. Peters stipulated that the plea was freely and voluntarily given and was not the result of force, threats, or promises other than those set forth in the plea agreement. Plea Agreement ¶ 10. And he stipulated the following regarding the representation of counsel:

> The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense

---

[2] *See* Public docket sheets, case number 4:10CR85(1).

[3] *See* Public docket sheets, case number 4:10CR85(1).

> counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After considering with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

Plea Agreement ¶ 13.

At the change of plea hearing, Peters stated that he was satisfied with the representation of counsel. PH Tr. at 5. Peters stated that he understood the constitutional rights he was waiving with his plea. PH Tr. at 4-5. Peters stated that he understood the charge and the elements of the charge that the Government was required to prove. PH Tr. at 6-7. Thereafter, the Court orally advised Peters that he faced a maximum statutory penalty of not more than five years' imprisonment. PH Tr. at 6-7. Peters again stated that he had read the plea agreement before signing it, and there were no promises, force, or threats by anyone to induce him to enter a plea of guilty; and the plea was freely and voluntarily given. PH Tr. at 8-9. He also stated that he understood he was waiving the right to appeal except in limited circumstances. PH Tr. at 9-10. Finally, Peters stated that the information in the factual statement was true and correct, and he was entering a plea of guilty because it was in his best interest. PH Tr. at 10-11.

Sentencing took place on September 14, 2012. Peters appeared at the hearing represented by counsel, Robert Arrambide. SH Tr. at 1. The sentencing court found that the guideline range for the offense was 18 to 24 months' imprisonment, with no eligibility for probation and supervised release of one to three years. SH Tr. at 3. The court sentenced Peters to 18 months' imprisonment and one-year of supervised release. SH Tr. at 9-10.

Peters did not file a notice of appeal. He filed the pending motion on September 26, 2013, requesting that the Court vacate his conviction and sentence or, in the alternative, grant limited discovery and an evidentiary hearing on the issues raised in the motion.

Authority

A § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad based attack challenging the legality of the conviction. *See United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) ("Section 2255 does not reach errors not of constitutional or jurisdictional magnitude that could have been reached by a direct appeal.") Rather, claims are limited to errors of constitutional or jurisdictional magnitude. *Id.*; *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The role of § 2255 has been further defined by the Fifth Circuit as follows:

> Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

*Seyfert,* 67 F.3d at 546. An issue may not be raised for the first time on collateral review without a showing of cause for the procedural default and actual prejudice resulting from the error. *Shaid,* 937 F.2d at 232.

Discussion and Analysis

Peters raises several issues in his section 2255 motion, which are generally cognizable as follows: (1) claims that his guilty plea was unknowing or involuntary; (2) ineffective assistance of counsel claims related to counsel's failure to challenge the indictment and counsel's representation during the sentencing phase; (3) a claim that the trial court lacked jurisdiction over the matter; and (4) a challenge to the sufficiency of the evidence sustaining the conviction. The Court will address each issue in turn.

### I. Peters' claim that his plea was unknowing and involuntary is unsupported by the record

There is a "heavy burden" on a defendant who seeks to overcome an attestation of voluntariness in open court. *United States v. McElhaney,* 469 F.3d 382, 385 (5th Cir. 2006) (citing *United States v. Diaz*, 733 F.2d 371, 375 (5th Cir. 1984)) (emphasis original). To overcome that burden, the defendant must show that his plea was so much the product of misunderstanding, duress, or misrepresentation by others as to make the plea a constitutionally inadequate basis for imprisonment. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1984). In this case, Peters attested to the voluntariness of his plea both in the agreement itself and in open court at the plea hearing. *See* PH Tr. at 10-11, 15. Contrary to his attestation, he now asserts that his plea was unknowing and involuntary. But he fails to shoulder the "heavy burden" required to overcome his attestation.

#### a. Peters fails to establish his guilty plea was the result of ineffective assistance of counsel

Peters asserts that his guilty plea was the result of several acts or omissions of counsel that constituted ineffective assistance. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires that the defendant show that the performance was deficient and that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). The proper standard for judging the performance of an attorney is that of reasonably effective assistance considering all of the circumstances. *Id*. at 688. When a convicted defendant complains of ineffective of assistance of counsel, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id*. at 688. Judicial scrutiny of counsel's assistance must be highly deferential, and a fair assessment of attorney performance

requires that every effort be made to eliminate the distorting effects of hindsight. *Id*. at 689. A court must employ a strong presumption that counsel's conduct falls within a wide range of reasonably professional assistance. *Id*. at 690. In order to establish the requisite prejudice in the context of a guilty plea, a defendant must show that, but for counsel's alleged errors, he would not have entered a plea and would have insisted on going to trial. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008).

Conclusory statements by a defendant are not enough to sustain a claim of ineffective counsel. *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001). The defendant's allegations of ineffective counsel must be supported by the record. *United States v. Johnson*, 679 F.2d 54, 58-59 (5th Cir. 1982). Counsel cannot be held to be ineffective for failing to press a frivolous point. *Sones v. Hatchett*, 61 F.3d 410, 415 (5th Cir. 1995).

In this case, Peters claims that defense counsel unreasonably failed to inform him of the elements of the charge and the consequences of a guilty plea. He further asserts that, had he been so informed, he would have proceeded to trial rather than enter a guilty plea. But the Court finds no factual basis to support his claims.

The district court does not have a duty to undertake a more searching inquiry into whether a defendant's plea was voluntary when the court received no objective information that would have reasonably put it on notice that further inquiry would be needed. *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). Where the record establishes that the defendant understood the nature of the charges against him and the direct consequences of his act, the rudimentary demands of a fair proceeding are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980); *United Stated v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000); *Bonevillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986) (defendant's signature on guilty plea form

indicating that the defendant is aware of the elements of the crime to which he is entering a plea of guilty is prima facie proof of the validity of the plea).

Although, Peters contends that counsel did not advise him of the elements of the charge or the consequences of a guilty plea, including the possibility of a sentence that included a term of imprisonment, he attested in the written plea agreement and at the change of plea hearing that he understood the nature and elements of the crime, that he understood that the crime charged carried a possible sentence of up to five years' incarceration, and that he understood that the actual sentence imposed was in the sole discretion of the sentencing court. Plea Agreement ¶¶ 2, 3, 10, 13; PH Tr. at 6, 8. Accordingly, the Court finds no basis in the record for Peters' claims.

Peters also claims that counsel was ineffective in failing to adequately investigate the law and facts of the case, develop the record, and refute the Government's allegations prior to his entry of a guilty plea. He asserts that, had counsel further investigated the facts of the case and the pertinent law, he would have concluded that Peters did not commit the crime charged and would not have advised Peters to enter a plea of not guilty. More specifically, Peters claims that additional questioning of his employees, corporate attorneys, and certified public accountants (CPAs), as well as a comprehensive audit of his financial records, would have shown that he did not owe any tax liability for the years under indictment. Peters also claims that, had such investigation been undertaken and counsel discussed a trial strategy based on the information revealed by such investigation, he would have chosen to proceed to trial rather than enter a guilty plea.

Under the Sixth Amendment, upon reasonable investigation, a defense counsel has an obligation to make reasonable strategic decisions regarding which witnesses and evidence he will present. *Trottie v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2013). But, defense counsel is not

required to investigate everyone whose name happens to be mentioned by the defendant. *Schwander v. Blackburn*, 750 F.2d 494, 500-01 (5th Cir. 1985). Where a defendant has given defense counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir.1992). And counsel's failure to present a particular line of argument or evidence is presumed to have been the result of a strategic choice for the purpose of a *Strickland* claim for ineffective counsel. *Trottie,* 720 F.3d at 243.

The crux of the Government's case in the underlying criminal matter was whether Peters willfully avoided tax obligations between 2001 and 2004 by intentionally underreporting his income for those years. The Government alleged that Peters sought to hide his true income for those years by receiving income in checks payable to individuals or entities other than him. Peters contends that additional investigation would have established his innocence of these acts. But defense counsel attests, essentially, that after reviewing the records in the Government's file, conferring with the U.S. Attorney and IRS Agent investigating the matter, and consulting with Peters himself, he had good reason to believe that further investigation would, at a minimum, be fruitless.

Defense counsel attests that, over the course of seven pretrial meetings Peters explained his creation of a network of entities over several years with the intent of shielding his and his primary company's assets from creditors, including the IRS. Arrambide Affidavit at 1-6. Counsel also states, both in his affidavit and in a letter to Peters following the sentencing hearing, that Peters repeatedly refused to name the attorneys or CPAs who, according to Peters, had advised him not to pay taxes and to transfer assets to other corporate entities in an effort to avoid

8

creditors, even though the testimony of such persons may have helped his case. Arrambide Affidavit at 1-6, Attachment 1 (October 18, 2012, letter from Arrambide to Peters). Counsel also attests that Peters repeatedly admitted that there were no corporate resolutions, authorizations, or other record of purported loans between Peters and his corporate entities because "he deemed them unnecessary." Arrambide Affidavit at 1-6. And, while Peters claims that defense counsel should have spoken with Peters' employees, attorneys and CPAs, who, according to Peters, would have confirmed his innocence, defense counsel attests that these witnesses all gave testimony at the grand jury that was not favorable to Peters. Arrambide Affidavit at 1-6. Additionally, counsel stated, in his October 18, 2012, letter to Peters, that the Government had been aware of the evidence that Peters sought to develop and had concluded that the evidence did not exonerate Peters. Arrambide Affidavit, Attachment 1 (October 18, 2012, letter from Arrambide to Peters).

Counsel's assessment that "Peters appeared to be engaging in business practices which could be construed as defrauding his and his companies[*sic.*] creditors, and he felt this was sound business practice" is corroborated by Peters' statements in his brief to this court. Arrambide Affidavit at 1-6. In his brief, Peters admits that, between 1999 and 2002, he created multiple corporate entities, regularly transferred funds and assets among the entities and between the entities and his personal funds, and substantially decapitalized his primary corporate entity, Monarch Business Equipment, Inc. Brief in Support of Motion at 8-9. Peters admits that no tax return was filed for the years 2001 and 2002—two of the years under indictment—for at least one of his corporate entities, Monarch Assets, Inc., which had been "created and owned…with the intention to be the holding company of all the various entities." Brief in Support of Motion at 7, 9. Peters also admits that between 2001 and 2002, his compensation included "partial

9

repayment of personal loans he had made to the companies," for which, he claims, he should have received credit against his taxable income. However, he does not describe the loans with specificity or suggest that any documentation exists to substantiate their existence, which could be uncovered by additional investigation. Brief in Support of Motion at 8. Peters does mention a two million dollar loan to Monarch Business Equipment, Inc. from his personal funds in 1999, which he claims was documented by a promissory note that, at present, "cannot be located." Brief in Support of Motion at 7. Finally, Peters admits that, between 2003 and 2004—also years under indictment—he and two unnamed parties entered into an LLC with the sole purpose of purchasing a property in which Peters would live, the $130,000 purchase price for which was provided by Monarch Office Solutions, a subsidiary of Monarch Assets, Inc. Brief in Support of Motion at 9-10.

In the face of the factual record here, it is unclear what, if any, exonerating evidence could have been obtained from Peters' suggested witnesses or from a comprehensive financial audit. Therefore, the Court finds that defense counsel reasonably determined additional questioning of Peters' suggested witnesses and procurement of a comprehensive audit would be exercises in futility. Counsel's choice to forego such a futile effort was a strategic decision that cannot sustain an ineffective assistance claim under *Strickland*.

### b. Peters' claim that the plea was coerced by the threat of prosecution of his wife lacks merit

The Fifth Circuit has explained:

> [G]uilty pleas made in consideration of lenient treatment as against third parties pose a greater danger of coercion than purely bilateral plea bargaining." *United States v. Nuckols,* 606 F.2d 566, 569 (5th Cir.1979). Even so, there is no "intrinsic constitutional infirmity" in promising leniency to a third party in exchange for a guilty plea. *Id.* A prosecutor has discretion to "inform an accused that an implicated third person will be brought to book if he does not plead guilty." *Id.* The prosecutor has a duty of good faith in making such a representation, which

duty is satisfied where he has probable cause to believe the third person has committed a crime. *Id.; United States v. Diaz,* 733 F.2d 371, 375 (5th Cir.1984).

*McElhaney,* 469 F.3d at 385. Thus, so long as the Government has probable cause to bring charges against a defendant's relative, the "defendant's plea 'would not be involuntary by reason of a desire to extricate his relatives from such a possible good faith prosecution.'" *Id.* (quoting *Diaz*, 733 F.2d at 375).

Peters does not allege that the Government lacked probable cause to bring charges against his wife in the underlying criminal case or otherwise acted in bad faith during the plea bargaining process. Rather, he asserts that defense counsel threatened that his wife would be subject to indictment should Peters proceed to trial. *See* Brief in Support of Motion, Exhibit B. However, it is evident from the record that defense counsel reasonably concluded the Government had probable cause to bring an indictment against Peters' wife, since she was a signatory on the tax and bankruptcy filings at issue in the case. *See* Arrambide Affidavit at 1-6. Under the circumstances, the Court cannot find fault with counsel's advice regarding the potential exposure of his clients' spouse. Moreover, Peters' decision to enter a guilty plea in order to prevent such a good faith prosecution cannot be deemed involuntary.

II. **Peters has waived the right to assert ineffective assistance of counsel claims based on counsel's failure to challenge the indictment prior to his guilty plea and counsel's performance during the sentencing phase of the case**

In addition to Peters' claims that counsel was ineffective in failing to investigate, develop the record, and refute the Government's allegations prior to his entry of a guilty plea, he alleges that, for the same reasons, counsel rendered ineffective assistance during the sentencing phase of the case. He also asserts that counsel was ineffective for failing to challenge the indictment. However, because ineffective assistance of counsel claims only survive a waiver of appeal if

11

they directly relate to the voluntariness of the waiver or plea agreement as a whole, these claims are not subject to review.

In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit considered, as a matter of first impression in the circuit, whether a waiver of appeal contained in a plea agreement may be enforced against a section 2255 movant who alleges ineffective assistance of counsel, where the movant does not claim that counsel's deficient performance rendered the waiver or the plea itself unknowing or involuntary. The Fifth Circuit acknowledged that "an impermissible boot-strapping arises where a waiver is sought to be enforced to bar a claim that **the waiver itself-or the plea agreement of which it was a part**-was unknowing or involuntary." *Id.* at 343 (emphasis added). But the circuit court noted that no such "boot-strapping" problem arises where the proponent of enforcement does not seek to preclude a claim regarding the validity of the waiver.

The Fifth Circuit noted that "[t]he Sixth Amendment right to effective assistance of counsel may [ ] be waived." *Id.* (citing *Johnson v. Zerbst,* 304 U.S. 458, 465, 58 S.Ct. 1019, 1023 (1938)). And the court saw "no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish," observing that:

> [T]he opposite result would render waivers of appeal meaningless. If all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.

*Id.* at 343-44 (citing *United States v. Djelevic,* 161 F.3d 104 (2nd Cir.1998)).

Accordingly, the Fifth Circuit adopted the reasoning of sister circuits and determined that "an ineffective assistance of counsel argument survives a waiver of appeal only when the

claimed assistance **directly affected the validity of that waiver or the plea itself.**" *Id.* at 341-43 (emphasis added) (citing *Djelevic,* 161 F.3d 104; *Davila v. United States,* 258 F.3d 448 (6th Cir.2001); *Jones v. United States,* 167 F.3d 1142 (7th Cir.1998); *Mason v. United States,* 211 F.3d 1065 (7th Cir.2000); *United States v. Pruitt,* 32 F.3d 431 (9th Cir.1994); *United States v. Cockerham,* 237 F.3d 1179 (10th Cir. 2001)).

Although *White* involved the preclusive effect of a waiver of appeal on allegations of ineffective assistance at a sentencing hearing, the Fifth Circuit's analysis was not limited to the context of sentencing. Rather, the court considered broadly the validity of a waiver in the face of claimed ineffective assistance at "stages of the proceedings **other than** the plea or waiver itself." *Id.* at 341 (emphasis original). Thus, the rule announced in *White* is applicable to the ineffective assistance claims here, which arise from alleged deficiencies at the sentencing hearing and counsel's failure to challenge the indictment in the pretrial phase of the case.

The Court finds the instant case indistinguishable from *White*. Like White, Peters signed a plea agreement that includes a waiver of appellate or post-conviction relief (Plea Agreement ¶ 12), except in enumerated circumstances.[4] Also like White, Peters seeks to challenge counsel's performance on grounds that are unrelated to the validity of the waiver or plea as a whole, and are beyond the scope of the exceptions enumerated in the waiver. Under the rule announced in *White*, such claims are precluded from the Court's review of Peters' section 2255 motion.

### III. Peters' argument that the trial court lacked jurisdiction due to fault with the indictment is without merit

Next, Peters claims that the trial court lacked jurisdiction over his criminal case because of several alleged anomalies with the indictment, specifically: (1) "the computer generated page

---

[4] The plea agreement in *White* contained a waiver of the right to appeal or challenge the sentence under section 2255 with three exceptions: White could challenge a sentence in excess of the statutory maximum, an upward departure from the applicable guideline range, and the disparate treatment of cocaine and cocaine base in the statute. 307 F.3d at 338.

number identification at the top of the page, on pages 6, 7 and 8, do not correspond with the page numbers at the bottom of those pages"; (2) "the Court docket and case number identification in the header bar is legible in the first five pages and illegible in pages 5, 6 and 7"; and (3) the indictment bears only the initials of the grand jury foreperson, rather than a complete signature. Brief in Support of Motion at 28. The Court notes that, although Peters' claim is styled as a challenge to the trial court's jurisdiction, it is best interpreted as a challenge to the validity of the indictment. Because a challenge to the indictment does not relate to punishment imposed in excess of the statutory maximum or a claim of ineffective assistance of counsel that affects the validity of the waiver or the plea itself, it is subject to the waiver provision of his plea agreement and not subject to appeal or collateral review. *See* Plea Agreement ¶ 12.

Moreover, the substance of Peters' challenge to the indictment lacks merit. The Court finds nothing in the record to substantiate his claims related to the pagination and headers of the indictment. No such issue is apparent from either the copy of the Indictment in the Court's record for the underlying criminal case or the copy supplied by Peters in support of his section 2255 motion. *See* Public docket sheets, case number 4:10CR85(1); Brief in Support of Motion, Exhibit B. With respect to the grand jury foreperson's signature, Peters concedes that this is merely "'an irregularity and is not fatal.'" *See* Brief in Support of Motion (quoting F.R.Crim.P. 6(c) (comments)). He does not allege that he was prejudiced by any alleged defect of form. Because the indictment contained the elements of the charged crime and fairly informed Peters of the charges against him, it cannot be deemed deficient. *See United States v. Ramirez*, 233 F.3d 318, 323 (5th Cir. 2000) (overruled on other grounds).

### IV. Peters has waived the right to challenge the sufficiency of the evidence supporting his conviction

Peters also challenges, generally, the sufficiency of the evidence underlying his conviction, notwithstanding the fact that he admitted the facts supporting his conviction both in his written plea agreement and at the plea hearing.[5] This claim could have been raised on direct appeal, but was not. Because Peters has made no showing of cause and prejudice for his procedural default, his challenge to the sufficiency of the evidence is barred from collateral review. *See United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001); *United States v. Pierce*, 959 F.2d 1297, 1300-02 (5th Cir. 1992); *see also United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997); ("A defendant is also barred from raising claims in his § 2255 motion that he failed to raise on direct appeal unless he shows cause for the omission and prejudice resulting therefrom."); *Thompson v. United States*, 7 F.3d 1377, 1378-79 (8th Cir. 1993) (per curiam) ("claims [that] could have been raised on direct appeal" not cognizable where defendant did not show cause and prejudice for default). Moreover, a challenge to the sufficiency of the evidence underlying Peters' conviction does not relate to punishment imposed in excess of the statutory maximum or a claim of ineffective assistance of counsel that affects the validity of the waiver or the plea itself. Accordingly, the claim is waived under the terms of Peters' plea agreement. *See* Plea Agreement ¶ 12.

### Recommendation

It is recommended that the above-styled motion to vacate, set aside or correct Pearce's sentence pursuant to 28 U.S.C. § 2255 be denied and that the case be dismissed with prejudice.

---

[5] Notably, Peters does not assert that the facts alleged by the Government were insufficient to constitute a crime, even if true. Peters asserts only that additional investigation would have produced evidence favorable to him. But because Peters voluntarily plead guilty, thereby admitting the facts as plead by the Government, any countervailing evidence was of no consequence to the sufficiency of evidence supporting his conviction.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 15th day of July, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE